

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 9571



| | |
|---|---|
| ANDREW E. ROTH, derivatively on behalf of YRC WORLDWIDE INC., <br><br>                             Plaintiff, <br><br>                         v. <br><br> SOLUS ALTERNATIVE ASSET MANAGEMENT LP, SOLUS GP LLC, SOLA LTD, SOLUS OPPORTUNITIES FUND 1 LP, SOLUS OPPORTUNITIES FUND 2 LP, SOLUS CORE OPPORTUNITIES MASTER FUND LTD, ULTRA MASTER LTD, CHRISTOPHER PUCILLO, and YRC WORLDWIDE INC., <br><br>                            Defendants. | Civil Action No. <br><br> *(Jury Trial Demanded)* |

## COMPLAINT

Plaintiff Andrew E. Roth ("Roth") by his attorneys, Kornstein Veisz Wexler & Pollard LLP and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1.      Plaintiff Roth is a New York resident who is the owner of common stock of YRC Worldwide Inc. ("YRC" or the "Company").

2.      YRC, a nominal defendant herein, is a Delaware corporation with its principal place of business at 10990 Roe Avenue, Overland Park, KS 66211.

3.      Solus Alternative Asset Management LP ("Solus Alternative") is a Delaware limited partnership with its principal place of business at 410 Park Avenue, 11th Floor, New York, New York 10022 (the "premises"). Solus Alternative serves as the investment manager of

Sola Ltd ("Sola"), Solus Opportunities Fund 1 LP ("Solus 1"), Solus Opportunities Fund 2 LP ("Solus 2"), Solus Core Opportunities Master Fund Ltd ("Solus Core"), and Ultra Master Ltd ("Ultra") (Sola, Solus 1, Solus 2, Solus Core, and Ultra are collectively referred to as the "Solus Funds").

4.      Solus GP LLC ("Solus GP") is a Delaware limited liability company with its principal place of business at the premises.

5.      Sola is a Cayman Islands exempt corporation with its principal place of business at the premises.

6.      Solus 1 is a Delaware limited partnership with its principal place of business at the premises.

7.      Solus 2 is a Delaware limited partnership with its principal place of business at the premises.

8.      Solus Core is a Cayman Islands exempt corporation with its principal place of business at the premises.

9.      Ultra is a Cayman Islands exempt corporation with its principal place of business at the premises.

10.     Christopher Pucillo ("Pucillo") is the managing member of Solus GP which is the general partner of Solus Alternative.  Solus Alternative directs and controls all investments for the Solus Funds.  Pucillo maintains an office at the premises.

<u>JURISDICTION AND VENUE</u>

11.     This action is brought derivatively on behalf of YRC pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p

("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that

statute. Jurisdiction of this court and venue in this district are proper pursuant to

15 U.S.C. § 78(a)(a) in that defendants, except YRC, maintain their principal place of

business in this District and many of the acts underlying this action occurred in this District.

## THE GOVERNING LAW

12.     Section 16(b) of the Exchange Act provides that if a person, while beneficially

owning more than 10 percent of a class of equity securities of an issuer, purchases and sells,

or sells and purchases, shares of any equity security of such issuer within a period of less

than six months, any profits arising from those transactions are recoverable by the issuer or

by a shareholder suing derivatively on its behalf.

## SECTION 16(b) GROUP ACTIVITY

13.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two

or more persons "act as a partnership, limited partnership, syndicate, or other group for the

purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section

13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for

purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons

in such a group are aggregated to determine whether the group has a greater than 10%

beneficial ownership in the issuing corporation. If the aggregate number of shares

beneficially owned by the group exceeds 10%, each member of the group is deemed to be a

greater than 10% beneficial owner and is liable to disgorge profits arising from transactions

by such group member effected within a six-month period.

14.     Defendants Solus Alternative, Solus GP, Pucillo and the Solus Funds constitute a

group (collectively the "Solus Group") for purposes of determining beneficial ownership under

§§ 13(d)(3) and 16(b) of the Exchange Act. The Solus Group was, at all relevant times, a greater than 10% beneficial owner of the Company's common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth. As all purchases and sales for each of the Solus Group members were directed by Pucillo, at all relevant times, a group was formed and operative within the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring, holding and disposing of shares of Common Stock.

## AS AND FOR A FIRST CLAIM FOR RELIEF

15.     While the Solus Group was a greater than 10% beneficial owner, the Solus Group purchased an aggregate of $15.1 million principal amount of the Company's Series A Notes for an aggregate price of $14,061,875 on December 12, 2013, and purchased an aggregate of $2,414,361 principal amount of the Company's Series B Notes for an aggregate price of $2,402,289 on December 13, 2013. The Series A Notes were convertible into 444,040 common shares of the Company, and the Series B Notes were convertible into 150,805 common shares of the Company. The deemed purchase prices of such shares was $10 and $12.49 based upon the closing prices of the common shares on December 12, 2013 and December 13, 2013, respectively.

16.     On December 23, 2013, the Solus Group entered into both a Stock Purchase Agreement and an Exchange Agreement with the Company. Pursuant to these agreements, the Solus Group agreed to sell its aggregate principal amount of $28,589,922 of Series A Notes to the Company at a price equal to 100% of the aggregate principal amount of such Notes plus accrued and unpaid interest. The Solus Group also agreed to convert its $12,819,310 aggregate principal amount of Series B Notes for 854,621 common shares, representing 53,906 shares more

4

than the Series B Notes were convertible into. The Solus Group also agreed not to convert its

Series A Notes, representing a decrease in its call equivalent position of 840,734 shares. The

deemed sale price of such shares was $18.25 based upon the closing price of the Common Stock

on December 23, 2013.

17.     As noted below, the Solus Group members failed to comply with their

reporting obligations under the Exchange Act. Thus, it is not possible to ascertain with

precision the amount of the short-swing profits that are subject to disgorgement. Upon

information and belief, the Solus Group members garnered short-swing profits of at least

$4.5 million which is subject to disgorgement to the Company pursuant to Section 16(b) of

the Exchange Act.

<u>The Solus Group Ignores the Reporting Obligations of the Exchange Act</u>

18.     The Solus Group violated the reporting requirements under Section 16(a) of the

Exchange Act by failing to report the decrease in its call equivalent position resulting from the

December 23, 2013 Stock Purchase Agreement described above, and failed to properly disclose

its agreement to sell its Series A Notes in its Schedule 13D/A filings. Further, the Solus Group

failed to properly report the trades of the Solus Group members in the Group's Schedule 13D,

Schedule 13D/A and Forms 3 and 4 filings.

<u>ALLEGATIONS AS TO DEMAND</u>

19.     On October 6, 2014, plaintiff made demand upon YRC to commence this lawsuit.

By letter of December 3, 2014, YRC through its counsel advised that it had decided not to take

further action in this matter.

WHEREFORE, plaintiff demands judgment on behalf of YRC against defendants, as

described above, in an amount that cannot be determined with precision at this time but is at least

5

$4.5 Million plus attorneys' fees, interest and such other and further relief as to the Court may

seem just and proper.

New York, New York
December 4, 2014

Yours, etc.

Paul D. Wexler, Counsel
KORNSTEIN VEISZ WEXLER
    & POLLARD, LLP

757 Third Avenue, 18th Floor
New York, New York 10017
(212) 418-8600

OSTRAGER CHONG FLAHERTY
    & BROITMAN P.C.

By: _____
    Glenn F. Ostrager

570 Lexington Avenue
New York, New York 10022
(212) 681-0600